PACE INTEGRATED SYSTEMS, INC.; Orlando F. Perez, Plaintiffs— Appellants,

v.

RLI INSURANCE COMPANY, Defendant—Appellee.

No. 04–56688.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 5, 2006.

Decided Aug. 3, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Martin L. Shives, Esq., Summers & Shives, Martin L. Shives, Esq., San Diego, CA, for Plaintiff-Appellant.

William C. Morison-Knox, Esq., Wendy Woolpert, Esq., Morison-Knox Holden Melendez & Prough, LLP, Walnut Creek, CA, for Defendant-Appellee.

Before: REINHARDT, TROTT, and MCKEOWN, Circuit Judges.

## MEMORANDUM *

We affirm the district court's grant of summary judgment to RLI Insurance Company ("RLI") and denial of summary judgment to Pace Intergrated Systems, Inc. and Orlando Perez (together, "Pace").

RLI had no duty to defend Pace from the defamation claims of ex-employees William Stairs and Kurt Gokbudak. These claims fell under the policy exclusion for personal injuries, including defamation, "arising out of" an employee's termination or employment-related practices. We reject Pace's argument that this case

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

is analogous to *HS Services*, which held that "to 'arise out of' a termination of employment, the defamatory remark at issue must have been a part of or directly and proximately resulted from the termination." *HS Serv., Inc. v. Nationwide Mut. Ins. Co.,* 109 F.3d 642, 647 (9th Cir. 1997). In that case, defamatory remarks made by an employer about ex-employees were held to be outside the scope of the policy exclusion, triggering the duty to defend, because "their proximate cause was [the ex-employee's] own remark in the marketplace, made as a competitor, concerning [the employer's] financial condition. Thus, the chain of causation between the termination and the remarks was broken." *Id.*

Here, there was no such break in the chain of causation between the termination of Gokbudok and Stairs and Pace's alleged defamations. It is undisputed that Pace initiated the alleged defamations, which served to justify Pace's termination of Stairs and Gokbudak, without provocation by either individual. Although Pace notes that Stairs and Gokbudak became competitors, *HS Services* does not stand for the proposition that an employer's alleged defamations fall outside the policy exclusion merely because the former employee set up a competing business. In *HS Services*, the former employee not only had a competing business, he allegedly told those in the same competitive market that the ex-employer had financial difficulties. *Id.* at 646. The employer's statements were made "to protect itself against a remark made by Cade, not as an ex-employee, but as a present competitor; that was their context." *Id.* Here, nothing in the record suggests that Pace's remarks were a re-sponse to false, or even true, statements about Pace made by Gokbudak or Stairs in the competitive market.[1]

■ The chain of causation, between termination and alleged defamation, is not severed simply because alleged defamations occurred up to three months after Gokbudok and Stairs were fired. *HS Services* indicated that "neither the passage of time alone nor the pre- and post-termination distinction is a satisfactory basis upon which to make the exclusion determination." *Id.* at 645. Further, there was no gap between the terminations and the defamations, which began one day after Gokbudok and Stairs were fired, and these same alleged remarks were repeated one and three months later.

■ Neither is the causal chain broken because Perez allegedly called Gokbudok a drug-user. The remark, if isolated, appears unrelated to Gokbudok's employment; in context it is related. According to Gokbudok's complaint, Perez called him a drug abuser, a thief and an incompetent all at the same time. The complaint alleges that Pace made these statements to manufacture a good cause to justify Gokbudok's termination. In context, the drug abuse remark was within the scope of a statement to sully Gokbudok as employee.

■ Finally, Pace argues that RLI should have investigated the defamation claims more closely before refusing to defend Pace. RLI had no duty to investigate further; it was entitled to determine whether the policy exclusion applied based on the complaints of Gokbudak and Stairs and extrinsic evidence available at the time Pace demanded indemnity and defense.[2]

1. Gokbudak and Stairs alleged damage to their business reputations, but defamation about an ex-employee's job performance will always have the potential to inflict *prospective* harm to business reputation if the ex-employee ever becomes a competitor.

2. *Gunderson v. Fire Ins. Exch.,* 37 Cal.App.4th 1106, 44 Cal.Rptr.2d 272, 277 (App.Ct.1995)

Pace identifies no evidence, available to RLI at the time Pace requested indemnity and defense, that any action or statement by Gokbudak and Stairs broke the causal chain between their terminations and Pace's alleged defamations.

AFFIRMED.

---

("[A]n insurer does not have a continuing duty to investigate whether there is a potential for coverage. If it has made an informed decision on the basis of the third party complaint and the extrinsic facts known to it at the time of tender that there is no potential for coverage, the insurer may refuse to defend the lawsuit.").

